**No. 23-1882, -1883 (consolidated)**

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

GLOBAL TUBING LLC,
*Plaintiff-Cross-Appellant*,
v.
TENARIS COILED TUBES LLC, AND TENARIS S.A.
*Defendants-Appellants*.

# APPELLANTS' RULE 26(b)(4) NOTICE OF NEED FOR FIVE-DAY EXTENSION OF TIME TO RESOLVE CONFIDENTIALITY ISSUES FOR JOINT APPENDIX

Under Fed. Cir. R. 26(b)(4), Appellants respectfully request that the Court extend the deadline for the joint appendix by five days—to Monday, June 24, 2024. The joint appendix is currently due June 17, 2024. That deadline was previously extended by one week, on Appellants' motion filed in May, in advance of cross-appellants' reply brief (ECF#33, 34).

All parties have been working diligently to prepare the joint appendix. As the deadline approaches, the parties believe that they need additional time to resolve confidentiality issues in the appendix. The need for additional time is mainly due to the way the confidential portions of the record below developed, and the centrality of certain sealed documents to the disputes in this case.

This is an appeal and a cross-appeal. Tenaris' appeal arises from a judgment of inequitable conduct. Global's cross-appeal arises from an adverse judgment on its antitrust claims. Both appeals implicate confidential information of the parties. Resolution of the inequitable conduct included intermediate disputes about the privileged status of certain documents. And in the district court, the parties generally filed documents under seal on a filing-by-filing basis (rather than, e.g., page-by-page, or attachment-by-attachment), without being required to follow up with a redacted version. The parties are mindful of the Court's rules surrounding confidentiality, and understand that that approach will not suffice for the Joint Appendix.

Now that all the briefs have been filed, under Fed. Cir. R. 30(a)(1)(A)-(B), the parties have winnowing the working appendix to the portions of the record either required by the rules, cited in the briefs, or necessary for context. But as a result of the foregoing, many of those pages were sealed in full in the district court and need to be assessed anew to comply with this Court's rules, including determining which pages may have been properly sealed at the time of filing, but whose otherwise-confidential contents were later revealed in open court.

Both parties have worked diligently and cooperatively to this end, but as the deadline approaches, they now find that additional time is necessary to resolve the confidentiality issues for the joint appendix. As the party with primary responsibility for the Joint Appendix, Tenaris files this request as a notice under this Court's Rule 26(b)(4) that a one-time, five-day extension is needed. That rule provides as follows (emphasis added):

> *At any time before the expiration of a filing deadline*, the filer may notify the court that additional time is needed to resolve confidentiality issues, and the court will provide a *one-time per document extension of five (5) days to file the document*. The notice must include an affidavit or unsworn declaration of counsel or an unrepresented party under penalty of perjury under 28 U.S.C. § 1746 certifying that additional time is needed to resolve confidentiality issues. Any additional requests for extension to resolve confidentiality issues are by leave of court.

A five-day extension here would adjust the June 17 deadline to Monday, June 24, 2024. Pursuant to that rule, a declaration is attached.

If the Court is of the view that the earlier extension it granted for the appendix, ECF#34 (on Tenaris' motion, before the final brief was filed), already counts as the "one-time per document extension" under Rule 26(b)(4), then Tenaris respectfully requests that the Court treat this filing as an unopposed motion, and that the Court grant leave to file the

Joint Appendix on June 24, 2024. Tenaris has discussed this motion with Global, and all parties consent.

June 14, 2024

Respectfully submitted,

*/s/ William H. Burgess*

Leslie M. Schmidt
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(202) 446-4800

John C. O'Quinn
Nathan S. Mammen
William H. Burgess
Ashley Cade
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 389-5000

## FED. CIR. R. 26(B) DECLARATION

I am counsel for Appellants and entered an appearance. This declaration is submitted under Fed. Cir. R. 26(b)(4) to certify that additional time is needed to resolve confidentiality issues. Alternatively, if the Court treats this filing as an unopposed motion for an extension of time rather than a Rule 26(b)(4) notice, this declaration explains, under Rule 26(b)(1), the circumstances justifying the timing of this filing.

I have been involved in this appeal since the beginning and have assisted and partially overseen the process of preparing the joint appendix. The joint appendix is currently due June 17, 2024. The parties need additional time to resolve confidentiality issues. The need for additional time is mainly due to the way the confidential portions of the record below developed, and the centrality of certain sealed documents to the disputes in this case.

This is an appeal and a cross-appeal. Tenaris' appeal arises from a judgment of inequitable conduct. Global's cross-appeal arises from an adverse judgment on its antitrust claims. Both appeals implicate confidential information of the parties. Resolution of the inequitable conduct in-

cluded intermediate disputes about the privileged status of certain documents. And in the district court, the parties generally filed documents under seal on a filing-by-filing basis (rather than, e.g., page-by-page, or attachment-by-attachment), without being required to follow up with a redacted version. The parties are mindful of the Court's rules, and understand that that approach will not suffice for the Joint Appendix.

Now that all the briefs have been filed, under Fed. Cir. R. 30(a)(1)(A)-(B), the parties have winnowing the working appendix to the portions of the record either required by the rules, cited in the briefs, or necessary for context. (Fed. Cir. R. 30(a)(1)(A)-(B)). But as a result of the foregoing, many of those pages were sealed in full in the district court and need to be assessed anew to comply with this Court's rules, including determining which pages may have been properly sealed at the time of filing, but whose otherwise-confidential contents were later revealed in open court.

Both parties have worked diligently and cooperatively to this end, but as the deadline approaches, they now find that additional time is necessary to resolve the confidentiality issues for the joint appendix.

Under penalty of perjury under 28 U.S.C. § 1746, I certify that the foregoing is true and correct.

*/s/ William H. Burgess*
*Counsel for Appellants*

# CERTIFICATE OF INTEREST

1. **Represented Entities (Fed. Cir. R. 47.4(a)(1)):** Tenaris Coiled Tubes LLC; Tenaris, S.A.

2. **Real Party in Interest (Fed. Cir. R. 47.4(a)(2)):** N/A

3. **Parent Corporations and Stockholders (Fed. Cir. R. 47.4(a)(3)):** Tenaris, S.A.; Techint Holdings S.ár.l.

4. **Legal Representatives (Fed. Cir. R. 47.4(a)(4)):**

   Kirkland & Ellis LLP: Erin Cady, Kylie Feger, Daniel P. Gross, Alanna R. Horan, Neil A. Joseph, Gregg F. LoCascio, Megan McGlynn, Drew Morrill, Matthew Owen, Ingrid Petersen, Aaron D. Resetarits (no longer with firm), Anna Rotman

   Liskow Lewis: Jillian M. Marullo, Alma Shields

   Fish & Richardson P.C.: Bailey K. Benedict, Caitlin Dean, Danielle J. Healey, Jayme Partridge, Karrie E. Wheatley

5. **Related Cases (Fed. Cir. R. 47.5(a)).** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)? **No.**

6. **Organizational Victims and Bankruptcy Cases (Fed. R. App. P. 26.1(b)-(c)):** N/A

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume requirements of the Federal Rules of Appellate Procedure and the Rules of this Court. The motion contains 576 words.

*/s/ William H. Burgess*